UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARK ANTHONY NEWBERRY,

    Plaintiff,

vs.

MONTGOMERY COUNTY,
CHILDREN SERVICES, *et al.*,

    Defendants.

Case No. 3:25-cv-175

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS (Doc. No. 30); (2) OVERRULING DEFENDANT MONTGOMERY COUNTY CHILDREN SERVICES' OBJECTIONS (Doc. No. 34); (3) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. No. 29); (4) DISMISSING WITH PREJUDICE ALL OF PLAINTIFF'S CLAIMS AGAINST DEFENDANTS MCFADDEN, DAVID, BURTON, WILHELM, AND MONTGOMERY COUNTY JOB AND FAMILY SERVICES, AS WELL AS THE MCCS CONTACT CLAIMS AGAINST MONTGOMERY COUNTY CHILDREN SERVICES; (5) DENYING AS MOOT PLAINTIFF'S REMAINING MOTIONS (Doc. Nos. 15, 16, 17); (6) CLARIFYING THAT PLAINTIFF'S FOSTER HOME CLAIMS AGAINST DEFENDANTS MONTGOMERY COUNTY CHILDREN SERVICES AND THE CITY OF DAYTON REMAIN PENDING; AND (7) DENYING PLAINTIFF A CERTIFICATE OF APPEALABILITY**

---

Plaintiff Mark Newberry brings this case *pro se* against Defendants Montgomery County Children Services ("MCCS"), MCCS caseworker Kiley McFadden, MCCS supervisor Amanda Davis, MCCS supervisor Monica Burton, and Montgomery County Job and Family Services ("MCJFS"). Doc. Nos. 3, 5. He claims, pursuant to 42 U.S.C. § 1983, violations of his rights under the United States Constitution. *See id*. He alleges that Defendant MCCS recklessly placed a foster home next to his residence, causing "severe disruption, fear and retaliation." Doc. 5 at PageID 40. These are referred to as Plaintiff's "foster home claims." *See* Doc. No. 29 at PageID 156. Further, Plaintiff alleges that Defendants MCCS, McFadden, Davis, and Burton have

subjected him "to retaliatory visits, vague accusations, and psychological pressure." Doc. No. 5 at PageID 41. These are referred to as "MCCS contact claims." *Id*. at PageID 157. Plaintiff seeks an Order prohibiting MCCS or its employees from contacting him, his grandchildren, and all members of his family. *Id*. at PageID 42. He also seeks as well multi-million-dollar penalties for each time MCCS visits him. *Id.* at PageID 41-42.

On December 10, 2025, Magistrate Judge Caroline H. Gentry issued a Report and Recommendation ("R&R") in which she recommended dismissing with prejudice all claims against Defendants McFadden; Davis; Burton; Guardian Ad Litem, Jennifer Wilhelm;[1] MCJFC; and the MCCS contact claims for lack of subject-matter jurisdiction. Doc. No. 29. Judge Gentry further recommended denying as moot Plaintiff's remaining motions. *Id*.

Both Plaintiff and Defendant MCCS filed timely objections to the R&R. Doc. Nos. 30, 34. Thus, their objections to the R&R are now ripe for review.

The Court has reviewed *de novo*, as required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), Plaintiff's objections and all filings in this matter. Liberally construing Plaintiff's *pro se* filings in his favor and accepting his factual allegations as true, *see Brent*, 901 F.3d at 676, the Court finds no merit in Plaintiff's objections. Judge Gentry's R&R is not "clearly erroneous or … contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a).

Additionally, the Court has reviewed *de novo* Defendant MCCS's objections and all filings in this matter. The Court finds no merit in these objections, as Judge Gentry's R&R is not "clearly erroneous or … contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a).

---

[1] Judge Gentry liberally construed Plaintiff's pleadings to include Wilhelm as a Defendant. Doc. No. 29 at PageID 157, n. 3. This was correct. *See Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 676 (6th Cir. 2018) ("We liberally construe *pro se* filings").

Accordingly, Plaintiff's objections are **OVERRULED**, and Defendant Montgomery County Children Services' objections are **OVERRULED**.  The R&R is hereby **ADOPTED**.  As such, the Court **DISMISSES WITH PREJUDICE** all claims against Defendants McFadden, Davis, Burton, Wilhelm, and MCJFS, as well as the MCCS contact claims, for lack of subject-matter jurisdiction.  Further, the Court **DENIES AS MOOT** Plaintiff's remaining motions.  Doc. Nos. 15, 16, 17.  Plaintiff's foster home claims against Defendants MCCS and the City of Dayton remain pending.

Finally, no appeal is presently available in this case because this Order is not a final appealable order and some of Plaintiff's claims remain pending.  *See* 28 U.S.C. § 1291; *cf. Sultaana v. Jerman*, No. 1:15-cv-382, 2020 WL 13889761, at *5 (N.D. Ohio Jan. 7, 2020) (quoting *Cleaver v. Elias*, 852 F.2d 266, 267 (7th Cir. 1988) ("An appeal is possible in the absence of [a Rule 58 final judgment] only if the district court has clearly disposed of all pending matters")).  Because of this and for the reasons set forth herein, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith, and consequently, **DENIES** Plaintiff leave to appeal this Order *in forma pauperis*.

    **IT IS SO ORDERED.**

   January 30, 2026                                s/ Michael J. Newman
                                                         Hon. Michael J. Newman
                                                         United States District Judge